IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES T. LUCERO,**

        **Plaintiff,**

vs.                                                  **CIVIL No. 02-0930 RLP**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

      This matter comes before the court on Plaintiff's Motion to Reverse Administrative Agency Decision and Remand for Rehearing. (Docket No. 11). For the reasons stated herein Plaintiff's Motion is granted, and this matter is remanded to the Commissioner of Social Security for Additional Proceedings.

**I.**     **Background**

      Plaintiff, James T. Lucero ["Plaintiff" herein], filed an application for Supplemental Security Income benefits in December 2000, alleging that he became disabled as of March 1, 2000. (Tr. 74). His application was denied at initial administrative review and again on reconsideration. Plaintiff requested and received a hearing before an Administrative Law Judge ["ALJ" herein] on December 2, 2001. The ALJ found in Plaintiff's favor in a decision dated January 22, 2002. In a letter dated March 19, 2002, the Appeals Council advised Plaintiff that it was reviewing the ALJ's decision as permitted by §20 C.F.R. 416.1469, and proposed finding that Plaintiff is not disabled:

> The Administrative law Judge found that you had not engaged in substantial gainful activity [SGA] for sustained periods since 1987 and that you would not be able to sustain the current full time employment. However, the record shows that there were earnings in the amount of $5003.00, reported for the year 2000, the year in which you

>filed your application. Also, you testified to other work, including the full time work which you had started just prior to the time of the hearing and other work in the preceding year. Further, as reflected by the wages reported to your earnings record, the earnings for the years 1987 through 2000 that were mentioned in the decision, are consistent with the pattern of earnings throughout your work history. Therefore, the work during the pertinent period must be considered SGA.
>
>The sequential evaluation process followed in the evaluation of disability claims, provides at the first step that, if you are working and the work is SGA, we will find that you are not disabled regardless of your medical condition or your age, education and work experience (20 CFR 416.920). Accordingly, absent new and material evidence or pertinent legal argument the Appeals Council will issue a new decision finding that you were not disabled at anytime since the date of the application that was protectively filed on December 4, 2000.

(Tr. 13-14).

Plaintiff was given thirty days to submit additional evidence and/or arguments to the Appeals Council.

(Tr. 14). This deadline was subsequently extended until May 30, 2002. (Tr. 12).

Plaintiff asserts that he faxed a letter with additional documentary evidence to the Appeals Council on May 30, 2002, and has appended to her Memorandum Brief Exhibit A, which consists of a Fax cover sheet, two-page letter setting out arguments, and ten-pages of wage information. (Docket No.12, Ex. A).

The Appeals Council issued an unfavorable decision on July 2, 2002. The decision states that no comments or additional information was received. The Appeals Council determined that Plaintiff could not establish any consecutive 12-month period of disability because his earnings of $5,003 in 2000, full time work at the time of his December 2001 administrative hearing, and other work performed in 2001 constituted substantial gainful activity. (Tr. 8-9). This decision stands as the final decision of the Commissioner.

**II.     Issues on Appeal**

2

Plaintiff raises the following issues:

(A)  Whether the Appeals Council committed legal error by failing to consider additional evidence presented by Plaintiff.

(B)  Whether the Appeals Council applied correct legal principles in finding that Plaintiff's earnings constituted SGA; and whether that finding was supported by substantial evidence.

**III.  Standard of Review.**

The Social Security Act provides that final decisions of the Commissioner shall be subject to judicial review. *42 U.S.C. §405(g)*. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . ." *Id.* I review the Commissioner's decision to determine only whether the decision is supported by substantial evidence and whether correct legal standards were applied. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable man might accept to support the conclusion. *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir. 1988). The determination of whether substantial evidence supports the Commissioner's decision is not a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). I will not reweigh the evidence, but will examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision in order to determine if the decision is supported by substantial evidence. *Glenn*, 21 F.3d at 984.

**IV.  Discussion.**

The Commissioner does not deny that the Appeals Council failed to consider the additional

evidence presented to it.  She contends that this failure is harmless, because consideration of the evidence would not have changed the outcome.  I deem the Commission's position as a concession that Exhibit A to Plaintiff's memorandum brief was submitted to the Appeals Council and should have been considered by it.  *Cf. O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (New evidence submitted to the Appeals Council becomes part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence.).   Exhibit A will be considered in evaluating whether the decision of the Appeals Counsel was supported by substantial evidence, and whether correct legal principles were applied.

This case was decided  by the Appeals Council based solely on Plaintiff's earnings which it found constituted substantial gainful activity.  There is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines.  §20 C.F.R. 404.974(b)(2), 404.975(b)(2);  *Josefowicz v. Heckler*, 811 F.2d 1352, 1356 (10th Cir.1987) ("Earnings guidelines in the regulations suggest that income [above the guidelines] generally is to be considered substantial.") .  This presumption is rebuttable.  *See Corrao v. Shalala*, 20 F.3d 943, 948 (9th Cir. 1994).  *Dugan v. Sullivan*, 957 F.2d 1384, 1390 (7th Cir.1992);  *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir.1982);  *Coulter v. Weinberger*, 527 F.2d 224, 229 (3rd Cir.1975).  In an unpublished opinion, the Tenth Circuit set out factors relevant to rebutting the presumption of substantial gainful activity based on earnings. These include significant absenteeism and substandard job performance with earnings unaffected by how much work was missed or accomplished; the need for help from coworkers to accomplish assigned work; the ability to work for only brief periods of time, and  the need for special accommodation from the employer.  *Franco v. Chater*, 98 F.3d 1349, 1996 W.L. 559641 (10th Cir. Okla.).   *See also, Anderson v. Heckler*, 726 F.2d 455, 456 (8th

Cir.1984); 20 C.F.R. §416.973 - §416.976.

Plaintiff was employed by Griffith Maintenance a landscaping firm, from August 13 through November 11, 2001, and by another company in December 2001. (Exhibit A). His level of earnings in August through December 2001 are sufficient to constitute substantial gainful activity, if the presumption of SGA is not rebutted.[1] The evidence offered to rebut this presumption is thin, but it is uncontroverted. Plaintiff testified that he had been fired from his job as crew leader with Griffith Maintenance because he was too slow (Tr. 35) and that he was having difficulty with a job he had started a week prior to his administrative hearing because of cramping in his hands, back pain, his legs going numb and inability to concentrate. (Tr. 33-34, 44). Plaintiff did not testify as to the nature of his attempts to work in 2000, other than to state he had been working through temporary service providers in heavy construction as a laborer. (Tr. 36-37).

The Appeals Council did not discuss this evidence. This is error. As stated in *Franco*:

While we acknowledge that it is claimant's burden to prove disability, it is also the duty of the ALJ to develop the record. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994), and to consider all the evidence, discussing the uncontroverted evidence not relied upon, *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). With no evidence to counter the rebuttal evidence offered by claimant, the ALJ could not merely rely on the numerical guidelines to arrive at his determination. *He was required to consider claimant's evidence and make specific findings, which we could review, explaining why the evidence claimant offered failed to rebut the statutory presumption.*

*Franco v. Chater*, 98 F.3d 1379 (table), 1996 WL 559641, *2 (10th Cir. (Okla.)). (emphasis added).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse or Remand [Docket No. 11]

---

[1] Exhibit A establishes earnings of $1,214.63 in August; $1667.26 in September; $1,327.50 in October, $678.48 in November and $986.88 in December. Averaging Plaintiff's earnings, as required by 20 C.F.R. §416.974a, results in average monthly earning for that five month period of $1,171. From January 1, 2001, through December 31, 2001, SGA is presumed from monthly earnings of $740. 20 C.F.R. § 1574(b)(2) Table 1, as modified by 65 FR 82905, December 29, 2000.

is granted, and this matter is hereby remanded to the Commissioner of Social Security for additional proceedings to include reevaluation at step one of the sequential evaluation process. The Commissioner shall consider Plaintiff's evidence regarding earnings for the relevant time periods, and shall make specific findings addressing that evidence as it pertains to the statutory presumption of substantial gainful activity. If the Commissioner determines that Plaintiff has rebutted the statutory presumption of substantial gainful activity, she shall continue the sequential evaluation process.

                                                      **RICHARD L. PUGLISI**
                                     **UNITED STATES MAGISTRATE JUDGE**
                                             **(sitting by designation)**